UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

ASHLEY LORRAINE JONES,

Debtor.

Case No. 26-02461-swd
Chapter 13
Hon. Scott W. Dales

MEMORANDUM OF DECISION AND ORDER

PRESENT: HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

On July 30, 2026, Ashley Lorraine Jones (the "Debtor") filed her voluntary chapter 13 petition, and shortly thereafter, Kurt A. Steinke, Esq., the chapter 13 trustee (the "Trustee"), filed his motion to dismiss (ECF No. 23, the "Motion") premised on the Debtor's exceeding the unsecured debt limits under § 109(e).[1] The Debtor responded (ECF No. 27, the "Response"), and the court set the Motion for hearing on September 16, 2026, in Kalamazoo, Michigan, at which the Trustee and counsel for the Debtor appeared and made arguments. At the conclusion of the hearing, the court took the matter under advisement. After reviewing the Motion and the Response, the court will grant the Motion but provide the Debtor a brief opportunity to seek conversion under Fed. R. Bankr. P. 1017(f).

The Bankruptcy Code provides that, "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 … may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e). Additionally, the parties agree that the Sixth Circuit's decision in *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir. 1985), governs debtor eligibility determinations.

[1] References to the "Bankruptcy Code" or to specific statutory sections in this Memorandum of Decision and Order are to 11 U.S.C. §§ 101-1532.

*Pearson* teaches that "Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith." *Id.* at 757.[2]

The Debtor raises two arguments against the Motion. First, she argues that the court cannot consider the unsecured portions of the Debtor's undersecured debts in its eligibility analysis because it cannot calculate the unsecured portion (deficiency) until the court holds a hearing to determine the value of the collateral. Second, she contends that the Trustee included debts in his calculation that the Debtor marked as unliquidated on Schedule E/F. Neither of the Debtor's arguments prevails.

The Debtor's insistence that the court cannot include the unsecured portions of her undersecured debts in its eligibility determination starts off on shaky ground, as "a vast majority of courts, and all circuit courts that have considered the issue, have held that the unsecured portion of undersecured debt is counted as unsecured for § 109(e) eligibility purposes." *See In re Bosserman*, 587 B.R. 668, 675 (Bankr. N.D. Ohio 2018) (quoting *Scovis v. Henrichsen* (*In re Scovis*), 249 F.3d 975, 983 (9th Cir. 2001)). The majority approach sidesteps the valuation hearing and follows the spirit of *Pearson* -- requiring an early and summary determination -- and the blueprint laid out in § 506(a):

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, ... is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. § 506(a)

Additionally, while § 506(a) uses the term "claim" and § 109(e) uses the term "debt," the Supreme Court instructs us that the terms "debt" and "claim" are "coextensive." *Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990); *see* 11 U.S.C. § 101(5) ("The

[2] The parties agree that the Debtor filed her schedules in good faith.

term 'claim' means … [a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured …"); *see also* 11 U.S.C. § 101(12) ("The term 'debt' means liability on a claim"). The court agrees with the textual reading of the majority approach, and moreover, finds that requiring a valuation hearing under Fed. R. Bankr. P. 3012 or otherwise before deciding eligibility would go directly against *Pearson*, which generally instructs the court to assess only the schedules in a summary fashion, assuming good faith, much as a United States District Court exercising diversity jurisdiction would do when considering the amount in controversy. *Pearson*, 773 F.2d at 756. Therefore, the unsecured portion of the Debtor's undersecured debts -- $223,275.46 -- is included in the eligibility analysis under § 109(e). *See* Schedule D (ECF No. 19).

The Debtor's second argument falls flat because, regardless of the approach the court takes, the Debtor still exceeds the unsecured debt threshold. Schedule E/F lists the Debtor's total unsecured debts at $543,028.26. *See* Schedule E/F (ECF No. 19). The Debtor argues that the court should not count any debts she listed as unliquidated in its analysis, leaving a total of $375,223.18 in non-contingent, unliquidated, unsecured debt. *See Id.* Adding this number to the unsecured debt from Schedule D, however, the Debtor's total unsecured debt is $598,498.64, well above the $526,700.00 threshold.

As a result, the court finds that the Debtor is ineligible for chapter 13 relief under § 109(e). Accordingly, the court will grant the Motion, but only after affording the Debtor a brief opportunity instead to seek conversion under Fed. R. Bankr. P. 1017(f), assuming she is eligible for relief under another chapter.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor may seek to convert her case to another chapter under which she is eligible for relief, provided she does so within 7 days after entry of this Memorandum of Decision and Order.

IT IS FURTHER ORDERED that if the Debtor does not file a motion or notice to convert the case within 7 days after entry of this Memorandum of Decision and Order, the court will enter a separate order dismissing the chapter 13 case on the Motion for the reasons set forth herein.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Stephen Jered Beard, Esq., Kurt A. Steinke, Esq., the chapter 13 trustee, the United States Trustee (by First Class U.S. Mail), and upon each of the creditors listed on the matrix herein.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 21, 2026**

Scott W. Dales
United States Bankruptcy Judge